### ARABIAN AMERICAN OIL COMPANY, Plaintiff,

v.

### Lee Letterio SCARFONE, et al., Defendants.

### No. 84–1536–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

April 4, 1988.

Gregg D. Thomas, Tampa, Fla., for plaintiff.

R. Patrick Mirk, George W. Phillips, Tampa, Fla., David C. Goodwin, Hendrik G. Milne, N. Fraser Schuh, Miami, Fla., for defendants.

## ORDER ON MOTION TO BE EXCUSED FROM PARTICIPATION IN SUMMARY TRIAL

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants', Robert Work and Jerry Konidaris, motions to excuse participation in summary trial. Mr. Work's motion was filed March 22, 1988, alleging that there is no possibility of settlement in the case, that even if settlement were possible the settlement must occur between Plaintiff and Defendant Scarfone, and that he desires to avoid the expenditure of time and money that participation in the summary trial would require. In support of the motion Defendant Work cites the recent Seventh Circuit Court of Appeals decision in *Strandell v. Jackson County, Illinois*, 838 F.2d 884 (7th Cir.1987).

On March 30, 1988, Defendant Konidaris filed his motion. Basically Konidaris joins the motion of Defendant Work, adding the factor that he is an individual with limited financial resources who lives and works in Greece and that it would be "absolutely meaningless and highly expensive for KONIDARIS to have to attend a Summary Jury Trial through himself or through his counsel."

In *Strandell*, the Seventh Circuit reversed the decision of the District Court for the the Southern District of Illinois holding an attorney in criminal contempt for refusing to participate in a nonbinding summary jury trial. The court concluded that the parameters of Rule 16, Fed.R.Civ.P. do not permit courts to *compel* parties to participate in summary trials.

Rule 16(a)(1) and (5) and (c)(11) has been cited as a basis for the utilization of summary trial procedures. That rule gives the court the power to direct parties to appear before it for various purposes, including expediting the disposition of the action; facilitating the settlement of the case; and taking action in regard to matters which may aid in the disposition of the action. Rule 16 calls these procedures conferences, but what is in a name. The obvious purpose and aim of Rule 16 is to allow courts the discretion and processes necessary for intelligent and effective case management and disposition. Whatever name the judge may give to these proceedings their purposes are the same and are sanctioned by Rule 16.

Statistically, the Middle District of Florida has the worst record in the nation for

protracted trials; an accumulation of lengthy, untried causes, literally awaiting decades for trial disposition are delayed because of their extraordinary projected trial time. This Court has effectively utilized summary trials since 1985; without it, opportunity for resolution is delayed, and, justice is denied. The parties herein have had ample notice of this procedure; in fact, the January 1988 summary trial setting would have been held, but for courtroom space limitations. Defendants, for the first time, now raise objections on the eve of the April 12 and 13 summary trial; this constitutes a two-day investment on a *real* trial projected by the parties to consume 210 courtroom hours, or, seven courtroom weeks. Litigants are entitled to their day in court, but not, to somebody else's day.

Under Article Three of the U.S. Constitution, definite work is assigned to, or expected of, the trial court; that is our duty. The inherent jurisdiction of the trial court to determine, set, and use management policies should not be abrogated; it is in the best position to identify, separate, process, and complete *all* of the cases for which it is held responsible, accountable, and exists to perform. Without the authority to perform the task, the ultimate mission of the courts of the United States—to promptly administer justice in all matters properly before the court—is adversely affected.

The summary trial represents one alternative dispute resolution process which courts are employing in an effort to secure to civil litigants just, speedy, and inexpensive determination of their claims (Rule 1, Fed.R.Civ.P.) of which litigants may be otherwise deprived because of the overwhelming and overburdening caseloads which befall many district courts. The summary trial does not abolish any substantive rights of the parties; they are still entitled to a binding trial, if the summary proceedings do not lead to ultimate settlement of the cause of action.

Even if the summary procedures do not culminate in settlement of the case, the value of the summary trial in crystalizing the issues and the proof is immeasurable to the later binding trial, to which all parties come more fully prepared and rehearsed in their roles and the trial procedure. All attorneys and parties must be treated equally. Many attorneys come to trial prepared; *others do not.* After the jury is sworn in an involved case, it is an embarrassing professional exercise before the court and jury to see lawyers floundering in their presentations due to inadequate preparation, whether it be the facts from witnesses, or the law in proposed jury instructions and verdict interrogatories. The reality is that too many will *not* get ready until the day of a trial; a summary trial *forces* that day and that preparation!

This Court finds the summary trial to be a legitimate device to be used to implement the policy of this Court to provide litigants with the most expeditious and just case resolution. The Court does not find the *Strandell* case from the Seventh Circuit persuasive or binding precedent to this Court. Accordingly, it is

ORDERED that the motions to be excused from participation in the summary jury trial of Defendants Work and Konidaris are denied as far as the motions are based upon a suggestion that the Court cannot require that parties to participate in summary trial proceedings. Any contention that individual defendants should be excused from participation based on reasons, such as inability to appear for financial reasons, should be addressed by the magistrate before whom the summary trial is scheduled.